UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHERRY LYNETTE WILLIAMS                                                    PLAINTIFF

V.                                                CIVIL ACTION NO. 3:23-CV-570-DPJ-FKB

WAL-MART STORES EAST, LP
D/B/A WALMART AND JOHN DOE                                              DEFENDANTS

ORDER

While Sherry Lynette Williams was standing in the check-out line at Wal-Mart, an employee attempted to remove a large box from a shelf above her. The employee lost control of the box, and it struck Williams. Williams sued Wal-Mart and the John Doe employee in state court, and Wal-Mart removed the case based on diversity of citizenship. Williams, claiming the John Doe Defendant is a Mississippi resident and destroys diversity jurisdiction, moved to remand. Mot. [5] at 3. Wal-Mart responded in opposition, and Williams neglected to reply. Having considered the parties' positions, the Court finds the motion to remand [5] should be denied.

I.  Facts and Procedural History

Williams believes the John Doe Wal-Mart employee "was negligent in attempting to remove the box at a time when [she] was in harm's way, and in losing control of the box, allowing it to strike [her]." Compl. [1-1] at 2. She says she "suffered injuries and damages" and seeks $400,000 in compensation. *Id.* at 3.

As mentioned, Wal-Mart removed the case based on diversity jurisdiction. 28 U.S.C. § 1332(a); *see* Notice [1] at 3. It contends the amount is controversy is met, as Williams seeks more than $75,000 in damages. And complete diversity of citizenship exists because Williams is

a Mississippi resident, Wal-Mart is a citizen of Delaware and Arkansas, and "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b).

Williams then filed a combined "Response to Notice of Removal and Motion to Remand to State Court" [5], insisting that John Doe "is an anonymous Defendant, not a fictitious one." Mot. [5] at 2. She intends to supplement his "true name and identity" and indicates he is a diversity-spoiling Mississippi resident. *Id.* at 3. Wal-Mart responded, pointing out that Williams has not yet supplemented so removal is proper. Mem. [8] at 3. Williams declined to file a reply, and the time to do so has passed. The Court considers the briefing complete.

II.     Standard

A party may remove a case from state to federal court under 28 U.S.C. § 1441(b) when, on the face of the complaint, it appears the case invokes one or more grounds for federal subject-matter jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). Where, as here, federal subject-matter jurisdiction is based on diversity of citizenship, § 1332(a) controls. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003).

III.    Analysis

Williams's motion to remand hinges on her beliefs that (1) the John Doe Wal-Mart employee is a Mississippi resident and (2) her intention to later supplement the pleading destroys diversity. Mot. [5] at 3 ("The Plaintiff has set forth in her *Complaint* [MEC 1] that the true name

2

and identity of the **John Doe** Defendant will be supplemented at a later time, and that said Defendant is an adult resident of the state of Mississippi, thus destroying the claim of the Defendant **Walmart** that complete diversity of citizenship exist.") (unaltered).  Even if Williams is correct that a later addition of a diversity-destroying defendant requires remand, she has not yet made such a supplementation.  *See Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001).  For now, as Wal-Mart points out, "the citizenship of defendants sued under fictitious names shall be disregarded."  *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019) (quoting 28 U.S.C. § 1441(b)(1)); *see Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 n.38 (5th Cir. 2014) ("No claims are asserted in the complaint against the John and Jane Doe defendants.  Even if they were, 'the citizenship of defendants sued under fictitious names shall be disregarded.' 28 U.S.C. § 1441(b).").

IV.   Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the conclusion.  For the reasons stated, Plaintiff's motion to remand is denied.  The parties are directed to contact the chambers of United States Magistrate Judge F. Keith Ball to set this case for a case-management conference.

**SO ORDERED AND ADJUDGED** this the 13th day of November, 2023.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
